UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEANA PATTISON,<br><br>                       Plaintiff,<br>     v.<br><br>OMNITRITION<br>INTERNATIONAL, INC., et al.,<br><br>                       Defendants. | CASE NO. C17-1454JLR<br><br>ORDER GRANTING MOTION<br>FOR RECONSIDERATION |

## I.     INTRODUCTION

Before the court is Defendants Roger M. Daley and Barbara Daley's (collectively, "the Daleys") motion for reconsideration of the court's November 30, 2017, order remanding this matter to state court. (Mot. (Dkt. # 44).) Plaintiff Deana Pattison opposes this motion. (Resp. (Dkt. # 46).) The court has considered the motion, the relevant

//

//

ORDER - 1

portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS the motion for the reasons set forth below.

## II. BACKGROUND & ANALYSIS

### A. CAFA Jurisdiction

The Daleys request that the court address the matter of jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Mot. at 1.) Specifically, the Daleys contend that, even if complete diversity is lacking pursuant to 28 U.S.C. § 1332(a), the court nonetheless has jurisdiction over this action pursuant to CAFA. (*Id.* at 1-2.) The court now addresses this issue and concludes that the Daleys sufficiently established the elements of CAFA jurisdiction.

"CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010); *see Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). Thus, under CAFA, district courts have original jurisdiction of a class action "if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, --- U.S. ---, 135 S. Ct. 547, 552 (2014). Only the amount in controversy is at issue here. (*See generally* Resp.)

---

[1] The court finds that oral argument would not be helpful to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

The Daleys claim that more than $5,000,000 is at issue, arguing that the various relief sought by Ms. Pattison independently meets the amount-in-controversy requirement. (Am. Not. of Removal (Dkt. # 19) ¶ 10; MTA Reply (Dkt. # 38) at 5.) For instance, the Daleys state that the damages claim meets the amount-in-controversy requirement because Omnitrition International Inc.'s ("Omnitrition") "sales of Omni Drops in Washington during the alleged class period exceeded $5,000,000." (Am. Not. of Removal ¶ 10.) They additionally claim that the injunctive relief is sufficient because "Omnitrition would lose more than $5,000,000 of projected revenue in just the coming year" if Omni Drops were removed from the marketplace. (*Id.*) And lastly, the Daleys argue that the equitable monetary relief sought by Ms. Pattison puts more than $5,000,000 in controversy because "over $5,000,000 of Omnitrition's revenue is attributable to its sales of Omni Drops." (*Id.*)

The Daleys bear the burden of showing by a preponderance of the evidence that the aggregate amount-in-controversy exceeds $5,000,000. *See Ibarra*, 775 F.3d at 1197. When the amount claimed by the defendant is contested by the plaintiffs, the defendant must provide evidence establishing the amount required. *See id.* (placing burden on defendant "to put forward evidence showing that the amount in controversy exceeds $5 million . . . and to persuade the court that the estimate of damages in controversy is a reasonable one"). A defendant "cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.*

In *Lewis v. Verizon Communications, Inc.*, the Ninth Circuit considered whether the amount in controversy was satisfied in a case where the putative class sought to

recover the value of unauthorized charges. 627 F.3d 395, 399 (9th Cir. 2010). The defendant put in evidence through a declaration that the total charges for the relevant time period exceeded $5,000,000, and the Ninth Circuit concluded that such evidence was sufficient. *Id.* at 399-400. Because the plaintiff sought "recovery from a pot that [the defendant] has shown could exceed $5 million and the [plaintiff] has neither acknowledged nor sought to establish that the class recovery is potentially any less," the jurisdictional amount was satisfied. *Id.* at 401.

Likewise, Ms. Pattison neither acknowledges nor seeks to establish that class recovery is potentially any less than $5,000,000. (*See generally* Resp.) Instead, Ms. Pattison claims that "[the Daleys] have provided no evidence whatsoever" establishing the amount-in-controversy. (*See id.* at 2.) The court disagrees. Like the defendant in *Lewis*, the Daleys offer the sworn declaration of an Omnitrition employee who would have personal knowledge of the company's sales: Cindy Jordan, the Vice President of Operations for Omnitrition. (2d Jordan Decl. (Dkt. # 22) ¶ 1.) As Vice President of Operations, Ms. Jordan is responsible for "tracking Omnitrition's product sales" and has "access to Omnitrition's business records concerning its product sales and product sales made by distributors." (*Id.* ¶ 2.) Ms. Jordan testifies that:

> For the period of March 2012 through July 2017, Omnitrition's sales of Omni Drops to customers in Washington exceeded $5,000,000, and over $5,000,000 of Omnitrition's revenue is attributable to it [sic] sale of Omni Drops over the same period . . . . [R]emoving Omni Drops from the market place would cause Omnitrition to . . . lose more than $5,000,000 in expected revenue in the coming year, based on its average monthly revenues from the sale of Omni Drops historically.

//

(*Id.* ¶¶ 4-5.) The court concludes that Ms. Jordan's statements, based upon her personal knowledge and Omnitrition's business records, constitute sufficient factual evidence to establish the required amount-in-controversy by a preponderance of the evidence.

Ms. Pattison attacks Ms. Jordan's statements as "unsupported and speculative," and focuses on the fact that Ms. Jordan's estimation "started at $1,000,000, and suddenly ballooned to $5,000,000." (Resp. at 3; *see* MTR Reply (Dkt. # 37) at 5; MTA Resp. (Dkt. # 31) at 12.) In short, Ms. Pattison questions Ms. Jordan's credibility. It is true that in her first declaration, Ms. Jordan stated that Omnitrition's sales in Washington exceeded $1,000,000. (*See* 1st Jordan Decl. (Dkt. # 6) ¶ 3.) But Ms. Jordan's second declaration—which states that the relevant sales exceeded $5,000,000—does not contradict her first; sales exceeding $5,000,000 also exceed $1,000,000.[2] Moreover, while Ms. Jordan could have attached underlying documentation to support her statements, she was not required to, as her sworn declaration itself serves as factual evidence supporting the amount-in-controversy. *See Lewis*, 627 F.3d at 399-400. The court has no reason to reject her sworn statements.

Ms. Pattison further claims that, pursuant to 28 U.S.C. § 1332(d)(11)(B)(i) governing mass actions, the Daleys must present evidence that "at least one plaintiff's

---

[2] Ms. Pattison additionally points out that despite having responsibility to track Omnitrition's product sales, Ms. Jordan could not locate Ms. Pattison's past purchases with Jennifer Van Vynck, an Omnitrition distributor. (Resp. at 3.) But those purchases may not have appeared in a review of the records because Ms. Pattison herself may have requested that the record be changed. (*See* 3d Jordan Decl. (Dkt. # 39) ¶ 9.) Regardless, the confusion over who the purchase was made with does not affect the total number of Omnitrition sales, which supports the amount-in-controversy estimation.

damages exceeds $75,000." (Resp. at 4); *see* 28 U.S.C. § 1332(d)(11). In so arguing, Ms. Pattison confuses a mass action with a class action. Mass actions and class actions are not the same: a class action is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure," 28 U.S.C. § 1332(d)(1)(B), whereas a mass action is "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact," *id.* § 1332(d)(11)(B)(i). *See Miss. ex rel. Hood v. AU Optronics Corp.*, --- U.S. ---, 134 S. Ct. 736, 741 (2014) ("[T]he term mass action means any civil action (except a [class action]) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." (alterations in original)). And while Ms. Pattison is correct that at least one plaintiff must seek damages in excess of $75,000 to trigger federal jurisdiction over a mass action, that requirement does not apply to class actions. *See Miss. ex rel.*, 134 S. Ct. at 740 ("[F]ederal jurisdiction in a mass action, unlike a class action, shall exist only over those plaintiffs whose claims individually satisfy the $75,000 amount in controversy requirement." (internal quotation marks omitted)).

Ms. Pattison misunderstands the two types of cases, repeatedly citing to Ninth Circuit precedent that analyzes mass actions. (*See* Resp. at 4-5); *see Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 678 (9th Cir. 2006) (analyzing § 1332(d)(11)(B)(i) in a mass action suit after the defendant invoked the provision for removal purposes). But these cases are inapposite because Ms. Pattison brings a traditional class action suit

and seeks certification under Federal Rule of Civil Procedure 23. (Am. Compl. (Dkt. # 1-2) ¶ 5.1.) Moreover, the Daleys did not invoke § 1332(d)(11) as a basis for CAFA jurisdiction. (*See* Am. Not. of Removal ¶ 8.) Thus, the Daleys do not have to show that at least one plaintiff's damages exceed $75,000.[3]

In sum, the court finds that Ms. Jordan's declaration is sufficient to prove that the amount-in-controversy more likely than not exceeds $5,000,000. The court concludes that the Daleys have established the requisite amount-in-controversy and have accordingly established federal jurisdiction over this action.

**B. Remaining Motions**

On October 24, 2017, the court detailed the sequence in which it will consider the remaining motions and paused briefing on the motions to be considered at a later date. (Min. Order (Dkt. # 36) at 2.) Three pending motions remain: (1) a motion to dismiss filed by the Daleys and Omnitrition (MTD (Dkt. # 10)); (2) a motion for relief from the filing deadline associated with the motion to dismiss (Mot. for Relief (Dkt. # 15)); and (3) a motion to dismiss filed by Ms. Van Vynck (Van Vynck MTD (Dkt. # 33)). Pursuant to the minute order, the court will now consider the first two remaining motions. (*See* Min. Order at 2.) Ms. Pattison will submit a response to the Daleys and Omnitrition's motion to dismiss no later than January 22, 2018. The Daleys and Omnitrition may file a reply, if any, no later than January 26, 2018. The court will

---

[3] Even if the mass action requirement applied, the Daleys present evidence through Ms. Jordan's declaration that the injunction sought by Ms. Pattison, a plaintiff in this case, would render at least $75,000 worth of inventory unusable. (Am. Not. of Removal ¶ 7; 2d Jordan Decl. ¶ 5.)

consider Ms. Pattison's motion for relief at the time it considers the motion to dismiss.[4] (*See id.*)

As for Ms. Van Vynck's motion to dismiss, Ms. Pattison will submit a response no later than January 29, 2018. Ms. Van Vynck may submit a reply, if any, no later than February 2, 2018.

## III. CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

(1) The Daleys' motion for reconsideration (Dkt. # 44) is GRANTED;

(2) The court's November 30, 2017, order (Dkt. # 43) is VACATED; and

(3) The Clerk shall REOPEN this case, REINSTATE the pending motions (Dkt. ## 10, 15, 33), RENOTE the motion to dismiss filed by the Daleys and Omnitrition (Dkt. # 10) and the motion for relief (Dkt. # 15) for January 26, 2018, and RENOTE the motion to dismiss filed by Ms. Van Vynck (Dkt. # 33) for February 2, 2018.

Dated this 5th day of January, 2018.

JAMES L. ROBART
United States District Judge

---

[4] Although the October 23, 2017, deadline that Ms. Pattison sought relief from has since passed, Ms. Pattison also argued that the motion to dismiss be stricken until after class certification. (*See* Mot. for Relief at 4-5.) This issue has been fully briefed by the parties. (*See* Mot. for Relief Resp. (Dkt. # 26); Mot. for Relief Reply (Dkt. # 27).) The court will consider this issue alongside the Daleys and Omnitrition's motion to dismiss.