1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

IN THE US DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

DEANA PATTISON, On Behalf of
Herself and all others similarly situated,

                        Plaintiff,

   vs.

OMNITRITION INTERNATIONAL, INC., a
foreign corporation; ROGER M. DALEY and
BARBARA DALEY, individually and their
marital community comprised therewith;
JENNIFER VAN VYNCK d/b/a JENNIFER
VAN VYNCK OMNITRITION
INDEPENDENT DISTRIBUTOR; and, DOES
1-100, Omnitrition Independent Marketing
Associates,

                        Defendants.

**CLASS ACTION**

CAUSE NO. 2:17-CV-01454

**SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT,
INJUNCTIVE RELIEF AND FOR
DAMAGES**

JURY TRIAL DEMANDED

The Plaintiff, by and through her attorneys of record, VAN SICLEN, STOCKS & FIRKINS,

complains and alleges as follows:

## I.    NATURE OF THIS ACTION

1.1    This action arises out of Defendant Omnitriton International, Inc.'s ("Defendant

Omnitrition") and Defendants Roger Daley and Barbara Daley's ("Defendant Daleys") illegal

and deceptive practice of manufacturing, promoting, marketing, selling, and distributing over-

the-counter, homeopathic, weight-loss products containing or purporting to contain human chorionic gonadotropin (hCG).

1.2    hCG is a hormone produced by pregnant women that has been approved by the U.S. Food and Drug Administration (FDA) to treat infertility.  Although there is no credible scientific evidence that it is effective for such purposes, hCG has been prescribed by certain physicians in conjunction with a very low calorie diet ("VLCD") to assist patients in losing weight.  The combination of hCG injections and VLCD intake has been dubbed the "hCG Diet."

1.3    Numerous over-the-counter and purported "homeopathic" products have appeared in the marketplace in an effort to capitalize on this latest fad diet.  Unfortunately, there is no scientific evidence that hCG injections are effective in promoting weight loss.  The same is true with respect to these over-the-counter and purported homeopathic products, which contain no more than trace amounts of hCG, if any.

1.4    The FDA has labeled these hCG-based products "an economic fraud" because there is no scientific evidence that they are effective for weight loss.

1.5    Nevertheless, Defendants Omnitrition and Daleys manufacture, promote, market, sell, and distribute over-the-counter and purported homeopathic products containing or purporting to contain hCG as effective weight loss treatments.  As a consequence, all of the Defendants have reaped substantial profits that they otherwise should not have, and have caused Plaintiff to spend money on products that she otherwise would not have purchased.

## II.    PARTIES

2.1    Plaintiff Deana Pattison ("Plaintiff Pattison") was, and at all times material hereto is, a resident of Pierce County, State of Washington.

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 2

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

2.2    Defendant Omnitrition was, and at all times material hereto is, a multi-level marketing vitamin and supplement company incorporated under the laws of the State of Texas. Its corporate headquarters and principal place of business is located in Reno, Nevada. And, it is licensed to do business in and under the laws of the State of Washington under Unified Business Identifier #601-299-422.

2.3    Defendants Roger M. Daley and Barbara Daley are and were husband and wife, and reside in Reno, Nevada. Any and all actions of these Defendants relevant to this lawsuit were committed for and on behalf of the marital community. Defendant Roger M. Daley is the creator and founder of Omnitrition International, Inc., and the Chief Executive Officer. Defendant Barbara Daley is the President. Defendant Omnitrition is the alter-ego of Defendants Roger M. Daley and Barbara Daley. Defendant Omnitrition's website even has a photograph of Defendants Roger M. Daley and Barbara Daley (to the right) on a page titled "Welcome to the Omnitrition Family."



2.4    The true names and capacities, whether individual, corporate, manufacturer, distributors, and/or their alter egos sued herein as DOES 1–100 are presently unknown to Plaintiff, and therefore these Defendants are sued by fictitious name. Plaintiff will seek leave of the Court to amend the Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and, based thereon, alleges that DOES 1–100 were authorized to do and did business in Washington. Plaintiff is further informed and believes and, based thereon, alleges that DOES 1–100 were and/or are responsible for and liable to Plaintiff for the injury and damages set forth herein.

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 3

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

2.5     Defendant Jennifer Van Vynck ("Defendant Van Vynck") was, and at all times material hereto is, a resident of Buckley, Washington.  And, she is licensed to do business in and under the laws of the State of Washington under Unified Business Identifier #602-305-792, doing business as Jennifer Van Vynck Omnitrition Independent Distributor.  Defendant Van Vynck marketed and sold Omnitrition's hCG Omni Drops to Plaintiff Deana Pattison.

2.6     At all times material herein, Plaintiff purchased Omni Drops containing hCG from Defendants relying upon their representations, product label, advertisements, and testimonials that users will experience significant and rapid weight loss.  Plaintiff paid approximately $79.00 per 4 ounce bottle.

### III.     JURISDICTION AND VENUE

3.1     This Court has jurisdiction over Plaintiff's claims pursuant to RCW 2.08.010, which grants to Superior Courts jurisdiction over claims of this type.

3.2     This Court has jurisdiction over Defendants because Defendants systematically and continuously do, and or did, business in Washington.

3.3     Venue is proper in this county under RCW 4.12.025 because Defendants transact business in this county, and many of the actions causing injury took place here.

### IV.     FACTUAL BACKGROUND

#### hCG (HUMAN CHORIONIC GONADOTROPIN)

4.1     The idea of using hCG to curb appetite was first posited over 60 years ago in a 1957 Harper's Bazaar article in which British physician Albert T. Simeons claimed that although they were consuming just 500 calories per day, his patients were not hungry as long

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 4

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

as they received daily injections of hCG.[1]  He suggested that the addition of hCG to a VLCD might help dieters stay on track, reduce hunger cravings, and promote fat loss.[2]

4.2    In 1962, however, the Journal of American Medical Association warned against the hCG diet saying that continued adherence to such a drastic regimen is potentially more hazardous to the patient's health than continued obesity.

4.3    In 1974, the FDA required producers of hCG to label the drug with a warning against using it for weight loss or fat redistribution.  The FDA found and determined, "[A] lack of substantial evidence in the form of adequate and well-controlled studies . . . that hCG was safe and effective [in the treatment of obesity].[3]  The FDA determined that "labeling for this drug shall explicitly state that there is no substantial evidence of effectiveness for hCG in weight reduction, appetite suppression, or reduction of the hunger and discomfort associated with calorie-restricted diets."[4]  The FDA labeling for the approved hCG drug products requires the following statement about the use of hCG for weight loss:[5]

> *"HCG has not been demonstrated to be effective adjunctive therapy in the treatment of obesity.  There is no substantial evidence that it increases weight loss beyond that resulting from caloric restriction, that it causes a more attractive or 'normal' distribution of fat, or that it decreases the hunger and discomfort associated with calorie-restricted diets."*

4.4    In 1976 manufacturers and promoters of the hCG diet were ordered by the Federal Trade Commission (FTC) to inform prospective patients that there is no substantial

---

[1] Simeons ATW, *Slimming: A Roman Doctor's Treatment*, Harper's Bazaar (Oct. 1957).
[2] *Id.*
[3] 39 FED. REG. 42397, 4202 (Dec. 5, 1974).
[4] *Id.* at 42401–02; *see also Simone Mgmt. Corp. v. F.T.C.*, 579 F.2d 1137 (9th Cir. 1978).
[5] "Questions and Answers on HCG Products for Weight Loss," FDA on Medication Health Fraud available at   https://www.fda.gov/drugs/resourcesforyou/consumers/buyingusingmedicinesafely/ medicationhealthfraud/ucm281834 (last visited May 10, 2017).

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 5

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

evidence that the hCG injections offers any weight loss benefit, as demonstrated by the results of clinical trials published by the Journal of the American Medical Association[6] and the America Journal of Clinical Nutrition.[7]

4.5    In Canada, the Task Force on the Treatment of Obesity warned consumers that hCG was ineffective for weight loss.  The Task Force had an even sterner warning for practitioners saying, "Neither HCG nor vitamin injections, per se, are effective in inducing weight loss, and unless administered to treat some known deficiency (such deficiencies are rare in Canada and, generally, are not related to obesity) touches on possible malpractice."

4.6    Other scientists have gone further in their rejection of hCG and any practitioner who promotes the treatment for weight loss, "[b]ecause hCG 'therapy' in the management of obesity has been thoroughly discredited and thus rejected by the majority of the medical community, any practitioner whose patients experience undesirable side effects as a consequence of such therapy may face civil and even criminal liability."[8]

4.7    In 1995, researchers published the results of a meta-analysis summarizing the state of research on hCG's efficacy for weight loss.  The researchers concluded that hCG is no more effective for weight loss than a sugar pill stating, "We conclude that there is no scientific evidence that hCG causes weight-loss, a redistribution of fat, staves off hunger or induces a feeling of well-being.  Therefore, the use of hCG should be regarded as an inappropriate therapy for weight reduction. . . .  Pharmacists and physicians should be alert on the use of

---

[6] Young RL, Fuchs RJ, Woltjen MJ, *Chorionic Gonadotropin in Weight Control: A Double-Blind Crossover Study*, JAMA 236:2495–97 (1976).

[7] Stein M, Julis R, Peck C, Hinshaw W, Sawicki J, Deller J, Jr., *Ineffectiveness of human chorionic gonadotropin in weight reduction: a double-blind study*, AM. J. CLIN. NUTR. 29:940–48 (1976).

[8] C. Laird Birmingham, *et al.*, *Human chorionic gonadotropin is of no value in the management of obesity*, CAN. MED. ASSOC. J., Vol. 128 (May 15, 1983).

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 6

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

hCG for Simeons therapy. The result of this meta-analysis supports a firm standpoint against this improper indication."[9]

4.8    In 2009, the American Society of Bariatric Physicians issued a position statement saying, "Numerous clinical trials have shown hCG to be ineffectual in producing weight loss. . . .  The diet used in the Simeons method provides a lower protein intake than is advisable in view of current knowledge and practice. . . .  Physicians employing either the hCG or the diet recommended by Simeons may expose themselves to criticism from other physicians, from insurers, or from government bodies."[10]

4.9    On or about January 23, 2011, Elizabeth Miller, FDA Director of Internet and Health Fraud, issued a statement that there is no evidence that oral over-the-counter hCG products are effective for weight loss, that "they could be subject to enforcement at any time," and are an "economic fraud."[11]  She stated that one issue is hCG specifically labeled for use in Homeopathy—an alternative medicine practice of using very small or diluted preparations of medicines or remedies to treat a condition.  Ms. Miller says, "We are aware of HCG products that claim to be homeopathic, but it is not recognized in the Homeopathic Pharmacopoeia. . . [these products] are not recognized by the FDA as homeopathic drugs, so they are unapproved drugs and are illegal."[12]

---

[9] Lijesen GK, *et al.*, *The effect of human chorionic gonadotropin (HCG) in the treatment of obesity by means of the Simeons therapy:  a criteria-based meta analysis*, BR. J. CLIN. PHARMACOL. 49:237–43 (1995).

[10] *Position statement: Use of HCG in the treatment of obesity*, AM. COLL. OF BARIATRIC PHYSICIANS (Approved by ASBP Board of Directors, Dec. 2009).

[11] Hellmich N, *HCG weight-loss products are fraudulent, FDA says*, USA TODAY (Jan. 23, 2011), available at http://usatoday30.usatoday.com/yourlife/fitness/weight-loss-challenge/2011-01-24-hcgdiet24_st_n.htm (last visited May 10, 2017).

[12] *Id*.

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 7

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

4.10    On November 28, 2011, the FDA and the FTC jointly issued warning letters to companies engaging in the practice of illegally marketing over-the-counter hCG products labeled for weight loss.  These letters advised the companies that they are violating federal law by selling drugs that have not been approved, and by making unsupported claims for the substance.

4.11    In December 2011, the FDA issued a warning to consumers that "HCG is not approved for OTC sale for any purpose," and warned, "You cannot sell products claiming to contain HCG as an OTC drug product.  It's illegal."[13]  The FDA further warned, "HCG is not on [the Homeopathic Pharmacopoeia of the United States] list and cannot be sold as a homeopathic medication for any purpose."[14]

4.12    The labeling for the homeopathic hCG products states that the product should be taken in conjunction with a VLCD.  The FDA stated, "There is no substantial evidence hCG increases weight loss beyond that resulting from the recommended caloric restriction. Consumers on a very low calorie diet are at increased risk for side effects including gallstone formation, electrolyte imbalance, and heart arrhythmias." [15]

4.13    Indeed, the FDA has received reports of serious adverse events association with the use of hCG for weight loss including cases of pulmonary embolism, depression, cerebrovascular issues, cardiac arrest, and death.[16]

---

[13] **Ex. A**, (*HCG Diet Products are Illegal*, at https://www.fda.gov/ForConsumers/ConsumerUpdates/ucm281333.htm (last visited May 10, 2017)).
[14] *Id.*
[15] **Ex. B**, (*Questions and Answers on HCG Products for Weight Loss*, at https://www.fda.gov/drugs/resourcesforyou/consumers/buyingusingmedicinesafely/medicationhealthfraud/ucm281834 (last visited May 10, 2017)).
[16] *Id.*

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 8

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

4.14    "Deceptive advertising about weight loss products is one of the most prevalent types of fraud," said David Vladeck, Director of the FTC's Bureau of Consumer Protection.[17]

**DEFENDANTS' hCG OMNI DROPS**

4.15    On or about January 2011, seeking to capitalize on the resurgent popularity of the hCG diet despite the complete lack of any scientific evidence whatsoever, Defendants Omnitrition and the Daleys put their own hCG product into the marketplace, commonly known as "Omni Drops."

4.16    Omni Drops are sold by Defendants Omnitrition and the Daleys for $79.00 per 4-ounce bottle, or $474.00 for a case of six 4-ounce bottles. One bottle contains approximately a 45-day supply if taken as directed.  The original label (shown right) stated at the top, "Omnitrition Official Homeopathic Weight Loss Drops."  Just below that it states, "A fast and effective way to lose unwanted pounds and inches!"  In smaller print underneath this statement  says, "Contains B12 Supplement/Tasteless HCG Formula/Contains No Alcohol."  The middle of the label is the name of the product "Omni Drops."  And, in red print against a white background it states, "HCG with Vitamin B12."

---

[17] **Ex. C** (*FDA, FTC act to remove "homeopathic" HCG weight loss products from the market*), FDA News Release available at https://wayback.archive-it.org/7993/20161022211041/ http://www.fda.gov/NewsEvents/Newsroom/PressAnnouncements/ucm282334.htm (last visited May 10, 2017)).

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

4.17    Although the label contains a disclaimer that "this product is not intended to diagnose, treat, cure, or prevent any disease," the "Supplement Facts" on the left-side of the label state Omni Drops "Purpose:  To promote liver, fat metabolizer, adrenal, and thyroid health."   Defendants Omnitrition and the Daleys further claim that the "Uses" include "Appetite Control & Detox."

4.18    Defendants Omnitrition and the Daleys list the ingredients on the label as a "Proprietary Blend" in a "Colloidal Mineral Water" base that includes the following "Active Ingredients":

| | |
|---|---|
| HCG | 3x,6x,12x,30x,60x |
| Vitamin B12 | 3x,6x,12x,30x,60x |
| Mag-Phos | 3x,6x,12x,30x,60x |
| Nat-Phos | 3x,6x,12x,30x,60x |

4.19    Defendants Omnitrition and the Daleys advertise on prominent internet search engines that its hCG Omni Drops were manufactured and "Created In An FDA Stamped Facility" (see image below).



Defendants Omnitrition and the Daleys' training materials to its agents as selling points for Omni Drops also explicitly states that Omni Drops are "Made in an FDA approved facility in the United States."  To the public, such use communicates that the FDA favors or endorses Defendants and its hCG Omni Drops product, which it does not.

4.20    Defendants Omnitrition and the Daleys' training materials also state, "Omnitrition uses only the finest, purest, natural, pharmaceutical grade ingredients in each of

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 10

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

its products.  While the complete products themselves are not FDA approved (no natural supplements are), each ingredient that goes into the product is approved for use by the FDA."

4.21    The label on the product directs consumers, "Adults, take 10 drops under the tongue 3 times a day.  Do not eat or drink 15 minutes before or after taking the drops.  Allow drops to sit on the tongue for 30 seconds before swallowing.  To be used with Dr. Simeons diet protocol."

4.22    The accompanying program guide informs consumers that they may being to experience hunger pains after 2–3 weeks.  Consumers are instructed, "If this occurs you may need to adjust your serving size by increasing your drops regiment to 4 or even 5 times a day if necessary, but not to exceed 6 doses daily or a total of 48 drops."

4.23    To further entice consumers of hCG Omni Drops' magical properties, Defendants Omnitrition and the Daleys encourage and recommend that consumers refrain from working out or physically exerting themselves.  Defendants Omnitrition and the Daleys state in their program guide, "[H]owever if you must work out or you have an extremely physically demanding job then you may want to take your drops 4 times a day."

4.24    Defendants Omnitrition and the Daleys' training materials for Omni Drops instructs its agents to tell customers that women can expect weight loss of "1/2 to 1 pound per day" and that men can expect weight loss of "1 to 2 pounds per day."

4.25    The above representations contained in training and marketing materials have been continuous and ongoing.

4.26    Defendants Omnitrition and the Daleys' marketing materials (see images below) also make these representations to entice customers into believing that when they purchase Defendants' hCG Omni Drops that they are buying safe and effective products that

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

will result in rapid and safe weight loss of up to two pounds per day with all of the quality and other claimed benefits represented in the Defendants' marketing.

 

4.27    Defendants Omnitrition and the Daleys regularly encouraged their agents to collect and share photos and testimonials of individuals before and after their weight loss allegedly on the Omni Drops.  Defendants Omnitrition and the Daleys even published a collection entitled the "100 lb. Club" to show customers the effectiveness of Omni Drops, all the while fully aware that the weight loss was attributable to the VLCD and not the Omni Drops.

4.28    By August 2011, Defendants Omnitrition and the Daleys were reporting sales growth of 294% since January 2011, attributable in large part to its newest product Omni Drops.

**DEFENDANTS OMNITRITION AND DALEYS ACTED TO PREVENT CONSUMERS FROM DISCOVERING THEY WERE BEING SWINDLED**

4.29    By the end of 2011, the FDA and FTC advised consumers to steer clear of over-the-counter and homeopathic hCG products as unproven and illegal.  Rather than forego their

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 12

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

golden egg, Defendants Omnitrition and the Daleys altered their marketing of the Omni Drops and took a subtler approach.

4.30    Instead of taking the product off the market in response to the FDA and FTC notices, Defendant Omnitrition and the Daleys opted to continue selling Omni Drops with a number of minor aesthetic changes to avoid detection from federal oversight and enforcement agencies, and to conceal from their consumers the ineffectiveness of Defendants' Omni Drops product.

4.31    Defendants Omnitrition and the Daleys revamped their Omni Drops label (see image to right) to remove "Weight Loss Drops" in the top portion of the label. Defendants Omnitrition and the Daleys also removed the "HCG" lettering at the bottom of the label that was in red coloring and bold print against the white background. The Supplemental Facts, however, listing hCG as an active ingredient remained as did the homeopathic claim. 

4.32    On or about March 3, 2014, Defendants Omnitrition and the Daleys also required its agents to remove any photos or images of the Omni Drops product from marketing materials, websites, and social media platforms. Although it was not one of the original seven companies to receive the warning letter jointly issued by the FDA and FTC, Defendants wanted to fly under the radar and continue their astronomical sales success with consumers.

4.33    Defendants Omnitrition and the Daleys' multi-level marketing and sales schemes would ensure that the false and deceptive claims about their products would persist

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 13

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

1  and would prevent consumers from discovering that Omni Drops were ineffective and not as
2  advertised.
3
4  **DEFENDANTS OMNITRITION AND THE DALEYS' MULTI-LEVEL MARKETING
   AND SALES SCHEME**
5
6      4.34    Defendants Omnitrition and the Daleys market and sell their products,
7  including Omni Drops, using a multilevel marketing system of distributors. These distributors
8  act as Defendants Omnitrition and the Daleys' agents in selling and marketing their products,
9  including Omni Drops. This system has been in place since at least 2011 and has continued to
10 the present day.
11
       4.35    As described in the paragraphs above, Defendants Omnitrition and the Daleys
12 arm their agents and distributors with training materials, marketing materials, and talking
13 points about the Omni Drops product that are to be conveyed to potential customers.
14
15     4.36    Defendants Omnitrition and the Daleys' multilevel marketing system ensured
16 that their products, including Omni Drops, would often be marketed and sold to customers
17 through people the consumers already knew, including their friends and family members—in
18 other words, people the customer trusted.
19
20     4.37    Filtering Defendants Omnitrition and the Daleys' talking points and marketing
21 materials through consumers' trusted acquaintances, friends, and family lent weight to the
22 Defendants Omnitrition and the Daleys' misrepresentations and false statements about the safe
23 and effective use of their products and served to hide the truth from consumers.
24
25     4.38    Additionally, many of Defendants Omnitrition and the Daleys' distributors are
26 also its customers, purchasing the Omni Drops product for themselves.
27
28
29
30

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 14

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

4.39    Defendants Omnitrition and the Daleys have ensured this is the case by giving distributors varying degrees of discounts on the products they purchase, including Omni Drops, based on the amount of sales they generate—creating an incentive for consumers to sign up as distributors and promulgate Defendants Omnitrition and the Daleys' products, talking points, and marketing.

4.40    Accordingly, the deceptive statements and misrepresentations contained in the training materials, marketing materials, and talking points described in the paragraphs above functioned as misrepresentations and deceptive statements made to Defendants Omnitrition and the Daleys' own distributors (and customers).

**PLAINTIFF DEANA PATTISON**

4.41    Between 2012 and 2017, Defendant Van Vynck lived in the same neighborhood in Buckley, Washington as Plaintiff Pattison.

4.42    On or about October 16, 2012, Plaintiff Pattison first contacted her neighbor Defendant Van Vynck about her interest in Defendants' hCG Omni Drops.

4.43    Despite the FDA and FTC warnings, Defendant Van Vynck told Plaintiff Pattison between October and November 2012 that it was "super addicting how fast the weight comes off" and that the Defendants hCG Omni Drops contained "the REAL HCG."

4.44    Based on her neighbor's representations of Defendants' hCG Omni Drops, Plaintiff Pattison started purchasing and taking Defendants Omnitrition and the Daleys' Omni Drops in November 2012. Her first purchase was on November 14, 2012 for one bottle of Omni Drops at a price of $79.00 (before tax and shipping). Plaintiff Pattison paid a total of $94.12 for the bottle of Omni Drops, shipping, and tax.

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 15

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

4.45    Subsequently, Plaintiff Pattison purchased Omni Drops several other times between 2012 and the present day, including on or around May 20, 2015, February 19, 2016, May 23, 2016, and December 2016.

4.46    Between November 2012 and December 2016, Plaintiff Pattison was invited to follow various social media outlets managed and/or approved by Defendants Omnitrition and the Daleys that purported to demonstrate individual testimonials on the safe and effective use of hCG Omni Drops with posted photos of before-and-after results.  Based on the social media postings, Plaintiff Pattison had no indication that there was any concern over the safe and effective use of hCG or Omni Drops.

4.47    Each time Plaintiff Pattison purchased Omni Drops, Defendants Omnitrition and the Daleys made baseless misrepresentations through the product's label that suggested that Omni Drops contained hCG, that taking hCG helped with weight loss, that taking the Omni Drops would result in weight loss, and that the Omni Drops were an approved homeopathic product.

4.48    Each time Plaintiff Pattison purchased Omni Drops, the label listed hCG as an active ingredient, stated that its "Uses" included "Appetite Control & Detox," stated that the product was "[t]o be used with Dr. Simeons [sic] diet protocol" (which, as described above, entails the use of hCG and a very low calorie diet), and continued to claim it is an approved homeopathic product by maintaining the phrase "Original Homeopathic" on the label.

4.49    Throughout the time during which Plaintiff Pattison purchased Omni Drops, as stated in the preceding paragraphs, Defendants Omnitrition and the Daleys, among other things, represented in advertisements that the Omni Drops were manufactured and "Created In An FDA Stamped Facility"; stated in training materials for their agents that Omni Drops are

"Made in an FDA approved facility in the United States"; stated in training materials that "each ingredient that goes into the product is approved for use by the FDA"; stated in training materials that their agents should tell consumers that women can expect weight loss of "1/2 to 1 pound per day" and that men can expect weight loss of "1 to 2 pounds per day."

4.50    Plaintiff Pattison did not know about the FDA and FTC warnings to consumers about over-the-counter and homeopathic hCG products when she purchased Omni Drops. Further, she could not have easily discovered these warnings because they did not specifically name Omni Drops or Defendants Omnitrition and the Daleys.

4.51    On or about March 26, 2017, Defendant Roger Daley held a telephone conference for his agents and customers to ease their minds about the safe and effective use of Omni Drops.  First, he invited the manufacturer to inform everyone listening that the hCG Omni Drops are more effective that hCG injections, that homeopathic hCG use was not illegal, that the manufacturing process allows the product to be legally sold over-the-counter, and that homeopathic use of hCG is proven to be effective.  Defendant Roger Daley told everyone on the conference call that he just "got [his] first lesson the other day" on the homeopathic claim of hCG in Omni Drops, and claimed that the hCG in Omni Drops was responsible for losses up to 250 pounds and that there was no "saggy baggy skin" like other products.  Next, Defendant Roger Daley had Defendant Omnitrition's legal counsel confirm the "integrity of Omni Drops" and inform everyone that Omni Drops was a "well-known, well recognized and valuable product in the marketplace."  Plaintiff Pattison was one of the listeners on that conference call.

4.52    Relying on Defendants Omnitrition and the Daleys' representations and the representations of their agents, including Defendant Van Vynck, Plaintiff Pattison purchased

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 17

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

at least $395 of Omni Drops with the understanding that the product was safe and effective for weight loss.

4.53    All of the Defendants understood that consumers, like Plaintiff, would attach importance and reliance upon the existence and truth of the foregoing representations in deciding to purchase Defendants' products.  And, those misrepresentations were a substantial factor in influencing Plaintiff's decision to purchase Defendants' hCG Omni Drops.

4.54    As a result of the above misrepresentations and omissions of material fact, Plaintiff and members of the Class either have or have likely been misled into purchasing and paying for a product that is not as represented.  Plaintiff and members of the Class have thus suffered injury.

## V.    CLASS ACTION ALLEGATIONS

5.1    Plaintiff brings all claims herein as class claims pursuant to Civil Rule ("CR") 23 and Local Rule ("LR") 23.  As explained herein, the requirements of these rules are met with respect to the class defined below.

5.2    The class consists of all persons in Washington State who purchased Omni Drops for personal, family, or household use from January 2011 to the present, and continuing until such class is certified.  Specifically excluded from the proposed class are any officers or directors of Defendant and their immediate family members, and the judge presiding over this matter and his/her immediate family members.

5.3    With respect to the "numerosity" requirement of CR 23(a), joinder of all members of the class is impracticable because the class consists of hundreds, and perhaps thousands, of persons located throughout Washington that have been impacted by the above-

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 18

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

mentioned practices of Defendants.  The exact number of class members may be determined by appropriate discovery.

5.4     With respect to the "commonality" requirement of CR 23(a), there are questions of law and fact common to the class, including, but not limited to, the following:[18]

A. Whether the marketing, advertising, packaging, labeling, promotional materials, and sale of Omni Drops was deceptive;

B. Whether the marketing, advertising, packaging, labeling, promotional materials, and sale of Omni Drops constitute violations of the Washington Consumer Protection Act asserted herein;

C. Whether Defendants were unjustly enriched;

D. Whether Defendants' conduct injured Washington consumers and, if so, the extent of the injury and damages;

E. Whether Plaintiff and Class Members are entitled to declaratory and injunctive relief.

5.5     With respect to the "typicality" requirement of CR 23(a), the interests of Plaintiff in this matter are the same as those of the rest class members.  Her claim arises from the same practice and course of conduct that gives rise to the claims of other potential class members.  *See Smith v. Behr Process Corp.*, 113 Wn. App. 306, 320–21, 54 P.3d 665 (2002) (also noting that varying fact patterns in individual claims do not defeat the typicality requirement for class certification where the same unlawful conduct is alleged to have affected both the named plaintiffs and the class members).

5.6     With respect to the "adequate representation" requirement of CR 23(a), Plaintiff is committed to vigorously pursuing this action on behalf of the class and has retained counsel

---

[18] The "commonality" requirement is qualitative rather than quantitative. *Schwendeman v. USAA Cas. Ins. Co.*, 116 Wn. App. 9, 20–21, 65 P.3d 1 (2003). Courts will find commonality where the facts indicate that the defendant was engaged in a common course of conduct in relation to all the potential class members. *Id.*

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 19

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

competent to handle class actions of this sort.  Plaintiff will fairly and adequately represent the interests of the class members and has no interests that conflict with those of the rest of the class.

5.7    With respect to the requirements of CR 23(b)(1), the prosecution of separate actions by members of the class would create a risk of establishing incompatible standards of conduct for Defendants.  For example, one court might determine that the challenged actions are illegal and enjoin them, while another might decide that those same actions are permissible.  Similarly, individual actions may, as a practical matter, be dispositive of the interests of the class.

5.8    With respect to the requirements of CR 23(b)(2), as explained above, Defendants have acted in a consistent manner towards all class members such that a pattern of activity is apparent.  That is, Defendants have made representations or omissions with the intent to deceive all class members.  *See* FRIEDENTHAL, KANE & MILLER, CIVIL PROCEDURE § 16.2 (West Hornbook, 4th ed.).  Defendants' actions are, therefore, generally applicable to the Class as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the entire class.

5.9    With respect to the requirements of CR 23(b)(3), the common questions of law and fact enumerated above predominate over those questions that affect only individual members of the class.  Moreover, a class action is the superior method for fair and efficient adjudication of this controversy because Defendants' deceptive scheme and marketing activities affect Plaintiff, members of the Class, and all Washington consumers.  For similar reasons, the likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct this litigation.  To Plaintiff's

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 20

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

knowledge, no similar litigation is currently pending by other members of the class in this state. Plaintiff's counsel, experienced in class actions, foresees little difficulty in managing this case as a class action.

5.10    Finally, the prerequisites to maintaining a class action for injunctive relief exist in this case.  If injunctive relief is not granted, great harm and irreparable injury to Plaintiff and members of the class will continue. The proposed class has no adequate remedy at law for the injuries which will surely recur given that, absent action from this Court, Defendants will continue to mislead and cause economic and noneconomic injury to Plaintiff, members of the Class, and all consumers.  An order finding money damages alone would be meaningless to those who will be injured in the future if the challenged conduct is allowed to continue, and for those who rely on Defendants in choosing a safe and healthy weight loss product and program.

## VI.    CLAIMS

### First Cause of Action:
### Violation of the Washington's Consumer Protection Act RCW 19.86

6.1    Plaintiff realleges each of the paragraphs above as if fully set forth herein.

6.2    Defendants Omnitrition, the Daleys, and Van Vynck engaged in unfair and deceptive acts or practices with regard to the Omni Drops product.

6.3    As described in the preceding paragraphs, through the Omni Drops label, each time Plaintiff Pattison and members of the proposed class purchased the product (on the dates described in the paragraphs above), Defendants Omnitriton and the Daleys misrepresented that hCG helped with weight loss and that Omni Drops contained hCG; that taking Omni Drops would result in weight loss; that Omni Drops were an approved homeopathic product; and, in

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 21

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

the alternative, that Omni Drops contained hCG. These representations on the Omni Drops label included listing hCG as an "Active Ingredient"; stating that Omni Drops' "Uses" included "Appetite Control & Detox"; stating that Omni Drop was "[t]o be used with Dr. Simeons [sic] diet protocol" (which, as described above, entails the use of hCG and a very low calorie diet); and claiming Omni Drops were an approved homeopathic product by using the phrase "Original Homeopathic" on the label.

6.4    As described in the preceding paragraphs, through the ongoing use of advertising, training materials, marketing materials, and social media outlets managed or approved by Defendants Omnitrition and the Daleys, Defendants Omnitrition and the Daleys misrepresented that hCG helps with weight loss; that taking Omni Drops would result in weight loss; that Omni Drops were produced and manufactured in an FDA-approved facility; that Omni Drops were an approved homeopathic product; and, in the alternative, that Omni Drops contained hCG, when in fact it does not. These representations included stating that Omni Drops are "Made in an FDA approved facility in the United States"; "Omnitrition uses only the finest, purest, natural, pharmaceutical grade ingredients of each of its products. While the complete products themselves are not FDA approved (no natural supplements are), each ingredient that goes into the product is approved for use by the FDA"; that men can expect weight loss of "1 to 2 pounds per day," and that women can expect weight loss of "1/2 to 1 pound per day"; that Omni Drops "Pulls 1400-4000 calories of stored abnormal body fat daily," and "suppresses appetite"; and various testimonials of individuals before and after their weight loss while allegedly taking Omni Drops, including the publication of a collection entitled the "100 lb. Club."

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 22

6.5     As described in the preceding paragraphs, Defendant Van Vynck represented to Plaintiff Pattison that using Omni Drops would result in weight loss and that Omni Drops contained hCG.

6.6     Defendants' unfair and deceptive acts or practices occurred in trade or commerce. Defendants Omnitrition, the Daleys, and Van Vynck sold Omni Drops to consumers, including but not limited to Plaintiff Pattison, during the time periods described above.

6.7     Defendants Omnitrition, the Daleys, and Van Vynck's unfair and deceptive acts or practices affect a public interest, including but not limited to other consumers who seek safe and healthy weight loss products and programs.

6.8     Defendants Omnitrition, the Daleys, and Van Vynck's unfair and deceptive acts or practices are the proximate cause of harm to Plaintiff and the proposed Class members. Plaintiff Pattison and proposed Class members would not have purchased Omni Drops had they known the truth about the product and not been misled by defendants' deceptive acts and practices as described above. Pursuant to Chapter 19.86 RCW, Plaintiff is entitled to damages, including treble damages, in addition to prejudgment interest, cost, expenses, and attorneys' fees.

### Second Cause of Action:
### Fraud

6.9     Plaintiff realleges each of the paragraphs above as if fully set forth herein.

6.10    *Representation*.  Defendants Omnitrition and the Daleys marketed and represented that Omnitrition's hCG Omni Drops were approved for homeopathic use by the FDA in the treatment of obesity claiming that the product would cause weight-loss, fat loss, a

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 23

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

redistribution of fat, stave off hunger, and provide increased energy. These marketing points constitute a representation of existing fact; namely, that Omnitrition's hCG Omni Drops was a safe and effective FDA-approved weight loss product. Defendants Omnitrition, the Daleys, and Van Vynck made the baseless representation that Omni Drops facilitate safe and rapid weight loss, and even identified specific amounts of weight loss consumers could expect with use of the product. In the alternative, Defendants Omnitrition, the Daleys, and Van Vynck represented that Omni Drops contained hCG, when in fact it does not.

6.11    As described in the preceding paragraphs, through the Omni Drops label, each time Plaintiff Pattison and members of the proposed class purchased the product (on the dates described in the paragraphs above), Defendants Omnitriton and the Daleys misrepresented that hCG helped with weight loss and that Omni Drops contained hCG; that taking Omni Drops would result in weight loss; that Omni Drops were an approved homeopathic product; and, in the alternative, that Omni Drops contained hCG. These representations on the Omni Drops label included listing hCG as an "Active Ingredient"; stating that Omni Drops' "Uses" included "Appetite Control & Detox"; stating that Omni Drop was "[t]o be used with Dr. Simeons [sic] diet protocol" (which, as described above, entails the use of hCG and a very low calorie diet); and claiming Omni Drops were an approved homeopathic product by using the phrase "Original Homeopathic" on the label.

6.12    As described in the preceding paragraphs, through the ongoing use of advertising, training materials, marketing materials, and social media outlets managed or approved by Defendants Omnitrition and the Daleys, Defendants Omnitrition and the Daleys misrepresented that hCG helps with weight loss; that taking Omni Drops would result in weight loss; that Omni Drops were produced and manufactured in an FDA-approved facility; that

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 24

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

Omni Drops were an approved homeopathic product; and, in the alternative, that Omni Drops contained hCG, when in fact it does not. These representations included stating that Omni Drops are "Made in an FDA approved facility in the United States"; "Omnitrition uses only the finest, purest, natural, pharmaceutical grade ingredients of each of its products. While the complete products themselves are not FDA approved (no natural supplements are), each ingredient that goes into the product is approved for use by the FDA"; that men can expect weight loss of "1 to 2 pounds per day," and that women can expect weight loss of "1/2 to 1 pound per day"; that Omni Drops "Pulls 1400-4000 calories of stored abnormal body fat daily," and "suppresses appetite"; and various testimonials of individuals before and after their weight loss while allegedly taking Omni Drops, including the publication of a collection entitled the "100 lb. Club."

6.13    As described in the preceding paragraphs, Defendant Van Vynck represented to Plaintiff Pattison that using Omni Drops would result in weight loss and that Omni Drops contained hCG.

6.14    *Materiality*.  Plaintiff attached importance to these representations when she decided to purchase Omnitrition's hCG Omni Drops.  These representations, in fact, induced Plaintiff to purchase Omnitrition's hCG Omni Drops.  Had Plaintiff known the true facts concerning the false representations, she would not have purchased Omnitrition's hCG Omni Drops.

6.15    *Falsity*.  The representations described above are all false.  Defendants Omnitrition and the Daleys knew that hCG was not recognized in the Homeopathic Pharmacopoeia of the United States; that hCG and Omni Drops are not recognized or approved by the FDA for homeopathic use; that the FDA did not approved hCG for over-the-counter

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 25

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

sale for any purpose; that there was no evidence—scientific or otherwise—that hCG was effective for the treatment of obesity, would cause weight-loss, fat loss, a redistribution of fat, stave off hunger, or provide increased energy.

6.16    Defendants Omnitrition and the Daleys, and their agents, including Defendant Van Vynck, knew that the representations they were making about hCG and their Omni Drops were not supported by the FDA, the scientific community, were an economic fraud, and that hCG was illegal.  However, Defendants failed to inform Plaintiff of these material facts and continued to milk their cash cow.

6.17    *Intent*.  Defendants Omnitrition and the Daleys, and their agents, including Defendant Van Vynck, intended that Plaintiff rely upon their false representations so that Plaintiff would purchase their hCG Omni Drops at $79 per bottle.  Defendants intended for Plaintiff to so rely upon their false representations of these material facts.

6.18    *Plaintiff's Ignorance*.  Plaintiff had no opportunity or circumstance to know that Defendants Omnitrition, the Daleys, and Van Vynck were making these false representations of material fact.

6.19    *Plaintiff's Reliance*.  Plaintiff relied upon Defendants Omnitrition, the Daleys, and Van Vynck's representations that Omnitrition's hCG Omni Drops would treat her obesity and that they contained hCG; more specifically, Plaintiff put her faith in Defendants, their representations, and their product, and relied upon these representations when she chose to purchase hCG Omni Drops.

6.20    *Plaintiff's Right to Rely*.  Plaintiff had a right to rely upon Defendants Omnitrition, the Daleys, and Van Vynck's representations because they are the manufacturers, marketers, distributors, and sellers of the product hCG Omni Drops.  Indeed, the Defendants

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 26

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

Omnitrition and the Daleys' business model of a multilevel marketing company where Omnitrition's hCG Omni Drops could only be purchased by an Omnitrition Independent Marketing Associate in the customer's area provided a face-to-face communication opportunity to build trust with the Plaintiff in the representations being made about the product.

6.21    *Consequent Damage.*  Plaintiff suffered both general and special damages as a result of Defendants Omnitrition, the Daleys, and Van Vynck's false representations.  Plaintiff, and Class members, would not have purchased Omnitrition's hCG Omni Drops if they knew about the falsity of representations and the dangers to their health.  As a result of their reliance on the false and misleading statements made by Defendants, Plaintiff and Class members sustained both general and special damages in amounts to be proven at trial, together with prejudgment interest, expenses, and costs.

**Third Cause of Action:**
**Misrepresentation**

6.22    Plaintiff realleges each of the paragraphs above as if fully set forth herein.

6.23    Defendants Omnitrition, the Daleys, and Van Vynck made numerous representations to Plaintiff and Class members regarding the Omni Drops product and program knowing that these representations were false.

6.24    As described in the preceding paragraphs, through the Omni Drops label, each time Plaintiff Pattison and members of the proposed class purchased the product (on the dates described in the paragraphs above), Defendants Omnitriton and the Daleys misrepresented that hCG helped with weight loss and that Omni Drops contained hCG; that taking Omni Drops would result in weight loss; that Omni Drops were an approved homeopathic product; and, in the alternative, that Omni Drops contained hCG. These representations on the Omni Drops

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 27

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

label included listing hCG as an "Active Ingredient"; stating that Omni Drops' "Uses" included "Appetite Control & Detox"; stating that Omni Drop was "[t]o be used with Dr. Simeons [sic] diet protocol" (which, as described above, entails the use of hCG and a very low calorie diet); and claiming Omni Drops were an approved homeopathic product by using the phrase "Original Homeopathic" on the label.

6.25    As described in the preceding paragraphs, through the ongoing use of advertising, training materials, marketing materials, and social media outlets managed or approved by Defendants Omnitrition and the Daleys, Defendants Omnitrition and the Daleys misrepresented that hCG helps with weight loss; that taking Omni Drops would result in weight loss; that Omni Drops were produced and manufactured in an FDA-approved facility; that Omni Drops were an approved homeopathic product; and, in the alternative, that Omni Drops contained hCG, when in fact it does not. These representations included stating that Omni Drops are "Created In An FDA Stamped Facility" or "Made in an FDA approved facility in the United States"; stating that "Omnitrition uses only the finest, purest, natural, pharmaceutical grade ingredients of each of its products. While the complete products themselves are not FDA approved (no natural supplements are), each ingredient that goes into the product is approved for use by the FDA"; that men can expect weight loss of "1 to 2 pounds per day," and that women can expect weight loss of "1/2 to 1 pound per day"; that Omni Drops "Pulls 1400-4000 calories of stored abnormal body fat daily," and "suppresses appetite"; and various testimonials of individuals before and after their weight loss while allegedly taking Omni Drops, including the publication of a collection entitled the "100 lb. Club."

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 28

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

6.26    As described in the preceding paragraphs, Defendant Van Vynck represented to Plaintiff Pattison that using Omni Drops would result in weight loss and that Omni Drops contained hCG.

6.27    These false and misleading statements were made by Defendants Omnitrition, the Daleys, and Van Vynck intentionally, recklessly, and negligently, with the specific purpose and effect of inducing Plaintiff and Class members to act in reasonable reliance on the false and misleading statements and purchase Defendants' Omni Drops.

6.28    As a result of their reliance on the false and misleading statements made by Defendants, Plaintiff and Class members sustained both general and special damages in amounts to be proven at trial, together with prejudgment interest, expenses, and costs.

### Fourth Cause of Action:
### Unjust Enrichment

6.29    Plaintiff realleges each of the paragraphs above as if fully set forth herein.

6.30    Defendants Omnitrition, the Daleys, and Van Vynck individually or in concert, have been unjustly enriched by their wrongful conduct, misrepresentations, acts and omissions at the direct expense, loss and detriment of Plaintiff and the Class members.

6.31    Plaintiff is entitled to recovery of all such monies wrongfully obtained by one or more of Defendants Omnitrition, the Daleys, or Van Vynck, in an amount to be proven at trial, together with prejudgment interest, expenses, and costs.

6.32

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 29

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

## VII.    DEMAND FOR JURY

7.1     Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right. In the event this matter is removed, then this prayer for a jury trial should be construed as a demand for a jury under Rule 81.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, the Plaintiff herein prays for the following relief:

1.      An order certifying that the action may be maintained as a Class Action;

2.      A declaration that Defendants have violated and continue to violate Washington's Consumer Protection Act through their unfair and deceptive acts or practices.

3.      A declaration that, by committing the acts alleged herein, Defendants have made material misrepresentations and defrauded the Plaintiff and consumers.

4.      An injunction requiring Defendants to remove the illegal product from the marketplace, and prohibiting Defendants from future violations of Washington's Consumer Protection Act.

5.      A Judgment in an amount to be proven at trial requiring Defendants to pay damages to Plaintiff and all Class members.

6.      A Judgment requiring Defendants to pay statutory damages, treble damages, attorneys' fees and costs, and such other relief as provided by statute.

7.      A Judgment for equitable monetary relief as may be necessary for the disgorgement and restitution of the Defendants' wrongful profits, revenue, and benefits.

8.      An award to Plaintiff and the Class for any and all of their damages to be proven at trial, together with costs and pre– and post–judgment interest at the maximum rate allowable by law.

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 30

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

1         9.     An award to Plaintiff of the expenses of this suit, including costs, reasonable

2    attorneys' and experts' fees.

3

4         10.    Any and all further relief as the Court may deem just and equitable.

5    DATED this 11TH day of April, 2018.

6                                            VAN SICLEN, STOCKS & FIRKINS

7

8                                       /s/ Victor J. Torres

9    By:_____

10             Tyler K. Firkins, WSBA #20964
               Victor J. Torres, WSBA #38781

11             Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

CLASS ACTION COMPLAINT FOR
DECLARATORY JUDGMENT
AND DAMAGES - 31

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646